Charles L. Ormond The Insurance Place 101 South Moose Street Post Office Box 29 Morrilton, AR 72110
Dear Mr. Ormond:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted two similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2006-222 and 2006-208. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name THE CHANGE IN TERM LIMITS OR TERMS OF OFFICE FOR CERTAIN ELECTED OFFICIALS AMENDMENT Ballot Title AN AMENDMENT TO THE ARKANSAS CONSTITUTION CHANGING THE CONSTITUTION TO STATE THAT THE LENGTH OF THE TERM OF OFFICE FOR A MEMBER OF THE ARKANSAS HOUSE OF REPRESENTATIVES AND ARKANSAS SENATE SHALL BE FOUR (4) YEARS; PROVIDING THAT THE TERM IMMEDIATELY PRIOR TO AN *Page 2 
APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; PROVIDING THAT THE TERMS OF OFFICE OF MEMBERS OF THE HOUSE OF REPRESENTATIVES AND SENATE SHALL NOT BE MODIFIED TO BE STAGGERED; PROVIDING THAT THIS CHANGE SHALL NOT MODIFY A TERM OF OFFICE OF A PERSON WHO WAS ELECTED TO THE OFFICE IN THE 2008 GENERAL ELECTION; PROVIDING THAT A PERSON MAY NOT SERVE MORE THAN THREE (3) TERMS IN THE HOUSE OF REPRESENTATIVES WHETHER THE TERMS ARE TWO-YEAR OR FOUR-YEAR, EXCEPT THAT THE RESTRICTION APPLIES ONLY TO TERMS BEGINNING AFTER DECEMBER 31, 1992, AND THAT A PERSON WHO SERVED THREE (3) CONSECUTIVE OR NON-CONSECUTIVE TWO-YEAR TERMS IN THE HOUSE OF REPRESENTATIVES AFTER DECEMBER 31, 1992, AND BEFORE OR ON JANUARY 1, 2009, SHALL BE ELIGIBLE TO SERVE ONE (1) ADDITIONAL TERM IN THE HOUSE OF REPRESENTATIVES WHETHER THE TERM IS A TWO-YEAR TERM OR A FOUR-YEAR TERM; PROVIDING THAT A PERSON MAY NOT SERVE MORE THAN THREE (3) TERMS IN THE ARKANSAS SENATE WHETHER THE TERMS ARE TWO-YEAR OR FOUR-YEAR, EXCEPT THAT THE RESTRICTION APPLIES ONLY TO TERMS BEGINNING AFTER DECEMBER 31, 1992, AND THAT A PERSON WHO SERVED TWO (2) CONSECUTIVE OR NON-CONSECUTIVE FOUR-YEAR TERMS IN THE SENATE AFTER DECEMBER 31, 1992, AND BEFORE OR ON JANUARY 1, 2009, SHALL BE ELIGIBLE TO SERVE ONE (1) ADDITIONAL TERM IN THE SENATE WHETHER THE TERM IS A TWO-YEAR TERM OR A FOUR-YEAR TERM; PROVIDING THAT A PARTIAL TERM IS NOT COUNTED WHEN DETERMINING MAXIMUM NUMBER OF YEARS ALLOWED TO SERVE AND DEFINING "PARTIAL TERM"; CHANGING TERM OF OFFICE FOR CIRCUIT CLERKS TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR COUNTY JUDGES TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR *Page 3 
COUNTY EXECUTIVE OFFICERS TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE OF JUSTICES OF THE PEACE TO A TERM OF FOUR (4) YEARS, EXCEPT THAT THE TERM PRIOR TO AN APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; AUTHORIZING THE QUORUM COURT TO CREATE AN ELECTIVE TOWNSHIP OFFICE OR OFFICES; AUTHORIZING THE QUORUM COURT TO CONSOLIDATE, SEPARATE, REVISE, OR ABANDON ANY ELECTIVE TOWNSHIP OFFICE EXCEPT DURING THE TERM OF THE OFFICE; CHANGING TERM OF OFFICE FOR CONSTABLES TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR ELECTED MUNICIPAL OFFICERS TO A TERM OF FOUR (4) YEARS, EXCEPT THAT ANY MEMBER NOT ELECTED AT-LARGE THE TERM PRIOR TO AN APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; REPEALING SECTION 38 OF ARTICLE 7 OF THE ARKANSAS CONSTITUTION CONCERNING JUSTICES OF THE PEACE; SETTING TERM OF OFFICE FOR JUSTICES OF THE ARKANSAS SUPREME COURT TO A TERM OF SIX (6) YEARS; PROVIDING THAT A JUSTICE OF THE SUPREME COURT MAY NOT SERVE MORE THAN TWO (2) SIX-YEAR TERMS, EXCEPT THAT A JUSTICE SERVING ON JANUARY 1, 2009, MAY BE ELECTED TO ONE (1) ADDITIONAL TERM OF SIX (6) YEARS UNLESS AT THE *Page 4 
END OF THE TERM EXISTING ON JANUARY 1, 2009, THE JUSTICE WILL HAVE SERVED AT LEAST TWELVE (12) YEARS ON THE SUPREME COURT WHETHER CONSECUTIVELY OR NON-CONSECUTIVELY; SETTING TERM OF OFFICE FOR JUDGES OF THE ARKANSAS COURT OF APPEALS TO A TERM OF SIX (6) YEARS; PROVIDING THAT A JUDGE OF THE COURT OF APPEALS MAY NOT SERVE MORE THAN TWO (2) SIX-YEAR TERMS, EXCEPT THAT A JUDGE SERVING ON JANUARY 1, 2009, MAY BE ELECTED TO ONE (1) ADDITIONAL TERM OF SIX (6) YEARS UNLESS AT THE END OF THE TERM EXISTING ON JANUARY 1, 2009, THE JUDGE WILL HAVE SERVED AT LEAST TWELVE (12) YEARS ON THE COURT OF APPEALS WHETHER CONSECUTIVELY OR NON-CONSECUTIVELY; AND PROVIDING THAT THIS AMENDMENT BECOME EFFECTIVE ON JANUARY 1, 2009
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women'sPolitical Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, *Page 5 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency.Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958);Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to a remaining ambiguity in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguity. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b). *Page 6 
I refer to the provision authorizing an "additional term" for persons who served in the House of Representatives and Senate. It may be helpful in explaining the ambiguity to first review my previous comments regarding a former version of this "additional term" authorization. In Op. Att'y Gen. 2006-222, I addressed language that would have authorized an additional term for persons "who served three (3) two-year terms in the House . . . [or two (2) four-year terms in the Senate, as the case may be] after December 31, 1992, and before January 1,2009. . . ." Id. at 5 (emphasis added) (quoting former version of Section 2(b)(2) and (c)(2) of your proposed amendment). I expressed my uncertainty regarding this language, given that by practice and tradition, a sitting legislator will not have completed his or her service before January 1 (the date on which his or her successor's official term of office begins, see Ark. Const. art. 8, § 6, as amended). Rather, as explained in Op. 97-101, a legislator's term usually extends beyond January 1, until a successor is sworn in, which traditionally occurs at the beginning of the regular biennial legislative session, i.e., at noon on the second Monday in January in odd-numbered years, see A.C.A. § 10-2-101. This period of "holding over" is considered "`as much a part of the term as the regular period fixed by law."`Op. Att'y Gen. 97-101 (citations omitted.)
In sum, the "holding over" period caused me to question whether a Representative or Senator who is holding over on January 1, 2009, and who has previously served three (3) two-year terms and two (2) four-year terms, respectively, will be eligible for an "additional term" under your proposed amendment.
You have modified the language pertaining to the "additional term" authorization as follows:
 A person who served three (3) consecutive or non-consecutive two-year terms in the House of Representatives after December 31, 1992, and before or on January 1, 2009, shall be eligible to serve one (1) additional term in the House of Representatives whether the term is a two-year term or four-year term.
Section 2(b)(2) (emphasis added). *Page 7 
 A person who served two (2) consecutive or non-consecutive four-year terms in the Senate after December 31, 1992, and before or on January 1, 2009, shall be eligible to serve one (1) additional term in the Senate whether the term is a two-year term or four-year term.
Section 2(c)(2) (emphasis added).
The emphasized language implies that a term of service will have been completed on January 1, 2009, whereas we know in fact that a legislative "term" includes a period of holding over that runs beyond January 1. The words "or on" are therefore potentially misleading. In my view, it remains unclear whether a legislator who serves as a holdover on January 1, 2009, and who would otherwise be term-limited, is eligible for an additional term pursuant to these sections.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See,e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities. *Page 8 
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL
 Attorney General *Page 1